# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KAZIMIERA KAMYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 4229 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Kazimiera Kamyk ("Plaintiff") appeals the Commissioner of Social Security's decision that the Windfall Elimination Provision ("WEP") was properly applied to her Social Security retirement benefits. A motion for summary judgment [23] has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). Because Plaintiff is proceeding *pro se*, the Court will construe plaintiff's "answer" in support of reversing the decision of the Commissioner as a motion. For the reasons outlined below, we grant the Commissioner's motion [dkt. 16] and deny the Plaintiff's motion [dkt. 24]. The Administrative Law Judge's decision is affirmed.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision that the Windfall Elimination Provision ("WEP") was properly applied to her Social Security retirement benefits. Plaintiff is a Polish citizen and a United States resident. (Dkt. 1 at ¶ 1.) Plaintiff was born on October 24, 1943. (R. at 24.) From 1965 until 1991, Plaintiff worked in Poland. (R. at 76.)

Plaintiff claims that she worked at a "government firm" in Poland, and paid income taxes to the Polish government. (R. at 76.) Plaintiff does not claim that she paid social security taxes on this income, and there is no evidence in the record to suggest that she did. Plaintiff immigrated to the United States in 1992, and worked in the United States from 1992 until 2010.[1] (R. at 49, 77.) Plaintiff did pay social security taxes on the earnings she collected while working in the United States. (R. at 77.)

Plaintiff applied for Social Security retirement benefits on April 27, 2011. (R. at 15.) At the time of Plaintiff's application, she was receiving approximately $400 per month from a pension earned during her time working in Poland.[2] (R. at 25-28, 92.) Plaintiff's claim was granted, but the Social Security Administration determined that her benefits would be reduced because she received "a pension based on work which is not covered by Social Security." (R. at 29.) As a result, Plaintiff would receive $148.00 per month, in addition to her Polish pension. Plaintiff filed a request for reconsideration of the reduction of her benefits, and her request for reconsideration was denied. (R. at 33-34, 43-52.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 29, 2013. (R. at 80-95.) The ALJ found that the Social Security Administration had appropriately reduced the Plaintiff's benefits because the WEP applied to her retirement benefits. (R. at 13-14.) Plaintiff filed an appeal to the Appeals Council, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final and appealable. (R. at 7.)

## DISCUSSION

### I. STANDARD OF REVIEW

---

[1] Plaintiff contends that she worked until 2012, but the Appeals Council found that she only had covered income through 2010. This issue does not affect the ultimate issue of whether the WEP applies to Plaintiff.

[2] Plaintiff claims that she has been receiving her Polish pension benefit since 2003, which would track with her retirement age under the Polish pension system. *See* POMS GN 01751.010(B)(2), https://secure.ssa.gov/apps10/poms.nsf/lnx/0201751010.

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act, if it is supported by substantial evidence, and if it is free of legal error. 20 C.F.R. §§ 404.1520(a) and 416.920(a); 42 U.S.C. § 405(g). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). A "minimal[] articulat[ion] of her justification" is enough. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

II.  **The WEP Applies to Plaintiff's Social Security Benefits.**

"The Social Security Amendments of 1983 (P.L. 98-21) includes a provision that eliminates 'windfall' Social Security benefits for retired and disabled workers receiving pensions from employment not covered by Social Security," which is also known as the WEP. Social Security Administration Program Operations Manual System ("POMS") RS 00606.360, https://secure.ssa.gov/apps10/poms.nsf/lnx/0300605360. "Generally, SSA assumes that work which was covered under a foreign social security system was not covered under U.S. Social Security." POMS GN 00307.290(C)(1), https://secure.ssa.gov/apps10/poms.nsf/lnx/0200307290. "Essentially, the provision seeks to preserve the progressive nature of the Social Security system by ensuring that the formula the agency uses to calculate benefits does not advantage high-income workers who split their careers between covered and non-covered employment over those who paid Social Security taxes for their entire careers." *Hawrelak v. Colvin*, -- Fed. Appx. --, 2016 WL 3471742, at *1 (7th Cir. June 24, 2016.) "Although most claimants affected by the provision are former government employees who spent part of their careers in the private sector,

the provision also applies to claimants who receive benefits from foreign government based on their work." [3] *Id.* The WEP applies to the Plaintiff; despite having over 40 years of income, only 18 years of that income came from covered employment for which Plaintiff paid social security taxes. If the WEP were not applied, Plaintiff's benefits calculation would take into account years she had earnings, but was not paying into the Social Security system, thereby giving her a benefit amount that was not in line with the contributions she made to the Social Security system.

However, there are exceptions to the WEP, including claimants who receive foreign pensions. *See* POMS RS 00605.362, https://secure.ssa.gov/apps10/poms.nsf/lnx/0300605362. One potentially applicable exception is for claimants who are receiving benefits as a result of a "totalization agreement" between the United States and a foreign county. *See* POMS RS 00605.386, https://secure.ssa.gov/apps10/poms.nsf/lnx/0300605386, *see also*, *Hawrelak*, 2016 WL 3471742, at *2 (citing 42 U.S.C. § 415(a)(7)(A)(ii)). "Totalization agreements provide for the grant of retirement benefits to persons who split their careers among two or more countries and thus lack sufficient periods of covered employment under each country's retirement system to qualify for benefits." *Hawrelak*, 2016 WL 3471741, at *2. However, when a claimant qualifies for retirement benefits under both the foreign pension system and the United States Social Security system without totalization (*i.e.*, they have sufficient periods of covered employment under both systems independently), the benefits are not based on a totalization agreement, and the exception to the WEP is not applicable. *See id.* ("As the ALJ properly found,

---

[3] Some types of foreign pensions are exempt from the WEP. POMS GN 01701.320, https://secure.ssa.gov/apps10/poms.nsf/lnx/0201701320. However, the Plaintiff has provided no evidence that the Polish pension system is the type exempt from the WEP, and the Court has not found any evidence to suggest that this is the case. *See* POMS GN 01701.320(C), https://secure.ssa.gov/apps10/poms.nsf/lnx/0201701320; *see also*, Social Security Administration, Totalization Agreement with Poland, https://www.ssa.gov/international/Agreement_Pamphlets/polish.html ("If you qualify for Social Security benefits from the United States and a Polish pension (either ZUS or KRUS) and you did not need the agreement to qualify for the U.S. benefit, the amount of your U.S. benefit may be reduced. ")

[plaintiff's] two pensions are *not* based on a totalization agreement; his work history in both the United States and Canada qualified him for benefits without totalization, so the agreement does not apply to this case").

The United States and Poland entered into a totalization agreement that came into effect in 2009. Agreement Between the United States of America and the Republic of Poland on Social Security, https://www.ssa.gov/international/Agreement_Texts/Poland.html. To qualify for her Polish pension, Plaintiff must have 20 years of coverage and be 60 years of age. POMS GN 01751.010(B)(2), https://secure.ssa.gov/apps10/poms.nsf/lnx/0201751010. Plaintiff claims to have worked in Poland for over 20 years, and turned 60 in 2003; therefore, Plaintiff qualifies for Polish pension benefits. In order to be "fully insured" for purposes of Social Security retirement benefits in the United States, Plaintiff must have 40 "quarters of coverage." *See* Social Security Administration, Quarters of Coverage, *https://www.ssa.gov/oact/COLA/QC.html*. A review of the record shows that Plaintiff has well over 40 quarters of coverage, and is fully insured for purposes of Social Security retirement benefits. (R. at 49.) Thus, Plaintiff qualifies for pension benefits in both countries without relying on the totalization agreement. Thus, the agreement does not apply to her benefits, and Plaintiff is not exempt from the WEP on this basis. The ALJ's finding that the totalization agreement between the United States and Poland does not prevent the WEP from applying to Plaintiff's benefits was substantially justified and free of legal error.

Plaintiff argues the totalization agreement between Poland and United States should prevent the reduction of her benefits because it states that "[d]eterminations concerning entitlement to benefits which were made before the entry into force of this Agreement shall not affect rights arising under it." Agreement Between the United States of America and the

Republic of Poland on Social Security, Part V, Art. 23, https://www.ssa.gov/international/Agreement_Texts/Poland.html#part5. Plaintiff began receiving Polish pension benefits in 2003. The totalization agreement entered into force on March 1, 2009, after Plaintiff began receiving her Polish pension benefits. *Id.* Therefore, Plaintiff contends that her benefits should not be affected by the totalization agreement.

Plaintiff is incorrect for two reasons. First, Plaintiff does not have any "rights arising" under the totalization agreement. That agreement, like all totalization agreements, is designed to allow the United States to "use credits from the foreign country to help a person meet the minimum coverage requirements for U.S. benefits." POMS GN 01701.100(A), https://secure.ssa.gov/apps10/poms.nsf/lnx/0201701100. As noted above, Plaintiff does not need totalization to help her meet the minimum coverage requirements in the United States, and, therefore, the totalization agreement does not grant Plaintiff any rights vis-à-vis her United States retirement benefits. Second, Plaintiff applied for United States Social Security benefits in 2011, after the totalization agreement came into effect. As such, those benefits would be subject to the totalization agreement, if it applied to Plaintiff. Meanwhile, Plaintiff continues to receive the full amount of her Polish pension; that amount has not been affected at all. Thus, the benefits she received before the totalization agreement remain untouched.

The only other exemption to the WEP that may apply is for claimants with over 30 years of "substantial earnings under Social Security." Social Security Administration, Windfall Elimination Provision, https://www.ssa.gov/pubs/EN-05-10045.pdf. Plaintiff's appeal notes that she has "worked 48 years in [her] life." (Dkt. 1 at 4.) While it is true that Plaintiff has worked for 48 years, the relevant question is whether Plaintiff have more than 30 years of "substantial earnings" for purposes of her Social Security retirement benefits. "Substantial earnings" for

every year since 1937 is set out in a table published by the Social Security Administration. Social Security Administration, Windfall Elimination Provision, https://www.ssa.gov/pubs/EN-05-10045.pdf. A review of the record shows that Plaintiff does not have over 30 years of substantial earnings. (*See* R. at 49.) As such, she does not qualify for that exemption the WEP.

## CONCLUSION

For the foregoing reasons, we grant the Commissioner's motion [dkt. 16] and deny the Plaintiff's motion [dkt. 24]. The Administrative Law Judge's decision is affirmed.

**ENTER:**
**DATED:** September 14 2016

Susan E. Cox
United States Magistrate Judge